# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM JONES,**

       **Petitioner,**

  **v.**                                  **CIVIL ACTION NO. 3:08cv171**
                                                  **(Judge Bailey)**

**TERESA WAID, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On November 20, 2008, *pro se* petitioner, William Jones [hereinafter referred to as "Jones"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. On December 18, 2008, he paid the $5.00 filing fee. On December 19, 2008, the respondent was ordered to file an answer on the limited issue of timeliness of the petition. On January 15, 2008, the respondent filed her Response to the petition and also a Motion to Dismiss the petition as successive.[1] On January 16, 2009, a Roseboro Notice was issued. As of the date of the Report and Recommendation, Jones has made no reply.

### II. FACTS

### A. PROCEDURAL HISTORY

---

[1] Although the order to show cause directed the respondent to address the issue of timeliness, it is clear that the respondent's motion to dismiss as successive is appropriate. Furthermore, the petitioner received a copy of the motion to dismiss, as well as a Roseboro Notice, and therefore, has not been prejudiced in any way.

Jones was indicted in the Circuit Court of Morgan County, West Virginia, of one count of kidnaping in violation of West Virginia Code § 61-2-14, and was convicted of the lesser-included offense of threats to kidnap or demand ransom under West Virginia Code § 61-2-4c. He was sentenced as a recidivist under West Virginia Code § 61-11-18 (Case No. 90-F-3).

On December 23, 1997, Jones filed a § 2254 petition with this court challenging his conviction. See William Jones v. William K. Davis, Civil Action No. 3:97cv149. On March 30, 1999, the petition was dismissed without prejudice for failure to exhaust state remedies. On June 24, 1999, Jones filed another § 2254 petition with this court again challenging his 1991 conviction. See William Jones v. Howard Painter, Civil Action No. 3:99cv59. By order entered April 5, 2001, the court granted the respondent's Motion for Summary Judgment and denied and dismissed the petition on the merits, after addressing each of the petitioner's grounds for relief. (Doc. 13-3). Jones appealed the denial of his federal habeas petition to the Court of Appeals for the Fourth Circuit. See William Jones v. Howard Painter, Docket No. 01-6771. The appeal was dismissed by unpublished *per curiam* opinion and judgment order filed October 11, 2001, and the mandate issued on November 2, 2001. (Doc. 13-4).

### III. ANALYSIS

The November 20, 2008, petition filed by Jones is the second petition[2] he has filed regarding his underlying state conviction. Pursuant to 28 U.S.C. §2244(b)(3) prior to filing a successive petition with the district court, a petitioner must seek an order from the court of appeals authorizing

---

[2]While technically , this is the third § 2254 petition filed by Jones, the first was dismissed without prejudice for failure to exhaust his state remedies and would not, in of itself, make the current petition successive.

the district court to consider the application.[3] In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002).

Jones' second petition was denied and dismissed on the merits. Therefore, the present petition is successive. Because he has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive §2254 motion in this Court, this Court is without authority to hear his successive motion.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Court enter an Order **DISMISSING** the instant petition (Doc. 1) because it is a successive petition and Jones has not received authorization from the Fourth Circuit Court of Appeals to file a successive §2254 petition.

---

[3]28 U.S.C. § 2244 states in pertinent part:
    **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
    **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
    **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
    **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
    **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Further, it is recommended that the respondent's Motion to Dismiss (Doc. 13) be **GRANTED**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: 3-4-09

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE